UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAI NGUYEN d/b/a HAPPY LAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-9996** |
| **SCOTTSDALE INSURANCE CO., ET AL.** | * | **SECTION "L"(5)** |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4) and Burns & Wilcox's Motion to Dismiss (Rec. Doc. 5). For the following reasons, the Plaintiff's motion to remand is DENIED and Burns & Wilcox's motion to dismiss is GRANTED.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's business located at 27910 Highway 23 in Port Sulphur, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Scottsdale Insurance Company, the Plaintiff's commercial property insurer; Burns & Wilcox of Louisiana, Ltd., a wholesale broker that operates as a general agent for Scottsdale; and Dave Waller, a Scottsdale claims representative.[1]

In September of 2006, the Plaintiff filed the present action in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The Plaintiff alleges that it is entitled to payment from Scottsdale for damages and losses to the property, in addition to bad-faith

---

[1] The Defendants suggest that Bubrig Insurance Agency, which is not named in this suit, was the retail insurance agency from which the Plaintiff obtained the policy. Burns & Wilcox submits evidence that it does not communicate with the insurance applicant, but rather provides insurance products to retail agents such as Bubrig.

penalties under Louisiana law.  The Plaintiff also alleges that Burns & Wilcox made various misrepresentations and failed to procure adequate insurance.  Lastly, the Plaintiff alleges that Waller is liable for failing to adjust the Plaintiff's claim in good faith.

The Defendants removed this case to federal court on November 15, 2006, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Burns & Wilcox is improperly joined and the amount in controversy exceeds $75,000.  On December 6, 2006, the Plaintiff filed the instant motion to remand.

**II.    LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Scottsdale contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendants, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, Scottsdale asserts that diversity jurisdiction exists because Burns & Wilcox, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard

the citizenship of this defendant.[2]  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant[s] in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

  Various sections of this Court have addressed these arguments in post-Katrina cases and have found that because wholesale brokers do not communicate with insurance customers, plaintiffs have no possibility of recovery against them under Louisiana state law.  *See Bowman v. Lexington Ins. Co.*, No. 06-9091, 2006 WL 3733839 (E.D. La. Dec. 14, 2006); *Frischhertz v. Lexington Ins. Co.*, No. 06-5676, 2006 WL 3228385 (E.D. La. Nov. 3, 2006).  Moreover, two sections have reached the same conclusion with respect to Burns & Wilcox in almost identical cases.  *See T.J.'s Sports Bar, Inc. v. Scottsdale Ins. Co.*, No. 06-8938, 2007 WL 196898 (E.D. La. Jan. 23, 2007); *Cajun Kitchen of Plaquemines, Inc. v. Scottsdale Ins. Co.*, No. 06-8939, 2007 WL 60999 (E.D. La. Jan. 3, 2007).  This Court agrees and finds that Burns & Wilcox has been

---

[2] Waller is a citizen of Indiana, and thus his presence would not destroy diversity.

improperly joined and, thus, that diversity jurisdiction exists in this case.[3]

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

IT IS FURTHER ORDERED that Burns & Wilcox's Motion to Dismiss is GRANTED and that the Plaintiff's claims against Burns & Wilcox are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this   23rd   day of   February  , 2007.

_____

UNITED STATES DISTRICT JUDGE

---

[3] The amount-in-controversy requirement is not disputed in this case.